James H. MONAHAN, as next friend of Daniel J. Monahan, George Rose, as next friend of Marla Rose, Plaintiffs,

v.

STATE OF NEBRASKA, Charles Thone, Governor of the State of Nebraska, Board of Education, School District # 1, Douglas County, Nebraska, et al., Defendants.

Civ. No. 80-0-164.

United States District Court, D. Nebraska.

Nov. 10, 1983.

Quintin S. Hughes, Bellevue, Neb., James H. Monahan, William L. Monahan, Mino St. Lucas, Omaha, Neb., for plaintiff Rose.

John P. Heil, Baird, Holm Law Firm, Omaha, Neb., Harold Mosher, Neb. Dept. of Justice, Lincoln, Neb., for defendants.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Senior District Judge.

THIS MATTER is before the Court on the motion of plaintiff Rose for an award of attorney's fees and costs under 42 U.S.C. Section 1988. (Filing 50). This case has generated voluminous judicial work product in its lengthy passage through the courts of this circuit. *See Monahan v. State of Nebraska*, 491 F.Supp. 1074 (D.Neb.1980), *aff'd in part, vacated in part and remanded*, 645 F.2d 592 (8th Cir.1981), *on remand*, 530 F.Supp. 295 (D.Neb.1981), *aff'd in part, vacated in part and remanded*, 687 F.2d 1164 (8th Cir.1982).

■ In remanding the case to this Court for a determination of attorney's fees and costs, the court of appeals made the following comments:

> [a]lthough we affirm the District Court's dismissal of these complaints in most respects, a remand is appropriate for the limited purpose of determining the proper amount of attorney's fees and costs to be awarded to the plaintiff Rose, the fees and costs involved to be limited to those incurred up through the decision by this Court on the first appeal.

687 F.2d at 1172. Because the court of appeals specifically found that plaintiff Rose was a prevailing party within the meaning of 42 U.S.C. Section 1988, it is

unnecessary for this Court to reach that issue. Despite the circuit court's holding, however, the defendants maintain that Rose did not prevail on any issue raised by the parties in this action. The defendants argue that the rationale of the court of appeals has been seriously undermined by the Supreme Court's recent decision in *Hensley v. Eckerhardt*, —— U.S. ——, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Although the defendants' contentions certainly have some merit, the Court does not believe that the *Hensley* case requires it to disregard the decision of the court of appeals.[1] This Court must, therefore, determine the amount of attorney's fees and costs to which plaintiff Rose is entitled.

## I.

## BACKGROUND

The determination of a fair and reasonable fee is complicated in this case by the presence of four attorneys who each claim to have provided legal services for plaintiff Rose. Each has submitted a fee request with supporting affidavits, as follows:

| | |
|---|---|
| Quintin S. Hughes | 329.6 hours x $75.00/hour = $24,720. |
| James H. Monahan | 238.5 total hours (approximately one-half claimed as direct benefit to Rose preliminary injunction) 119.25 hours x $100.00/hour = $11,925.00. |
| James P. Miller | 22 total hours (approximately one-half claimed as direct benefit to Rose preliminary injunction) 11 hours x $100/hour = $1100.00. |
| Mino St. Lucas | 102.5 total hours (approximately one-half claimed as direct benefit to Rose preliminary injunction) 51.25 hours x $100.00 = $5125.00. |
| | TOTAL    $42,870.00. |

In addition, Rose seeks to recover $12,486.69 as a fee for the time expended on his behalf by Mr. Michael Levy at a due

process hearing before the Nebraska Department of Education.

To a certain extent, these initial calculations were altered by the evidence presented in the hearing before this Court. First, Mr. Hughes acknowledged that his customary fee at the time of the preliminary injunction hearing and first appeal was $50.00. Second, Mr. Levy testified that, in his opinion, $75.00 per hour was fair and reasonable compensation for a federal court action. This testimony belies the $100 per hour rate charged by attorneys Monahan, Miller and St. Lucas. Finally, Rose's other expert witness, Mr. Edward Fogarty, testified that the case could have been optimally tried and appealed in 250 hours. Mr. Fogarty also applied a formula derived from the Code of Professional Responsibility—specifically, DR2–106(B)—by which he determined that a fee of $135 per hour would furnish reasonable compensation in the circumstances of this case. Under this formula, Rose's counsel would receive a fee of $33,750.00.

■ The Court is troubled by the appearance of four attorneys seeking fee awards for the representation of plaintiff Rose. The court of appeals specifically found that only Rose was entitled to attorney's fees and costs. *Monahan v. State of Nebraska*, 687 F.2d 1164, 1171 (8th Cir.1982) ("It is clear—that Monahan has not prevailed on any claim, and he is therefore not entitled to attorneys's fees. . . ."). Moreover, Quintin Hughes is the only attorney who has formally appeared before this Court on behalf of Mr. Rose. The other attorneys nevertheless maintain that they agreed with Mr. Hughes to pool their efforts and that a part of the time they spent on the

---

1. The Supreme Court adheres to a rather lenient standard for determining whether a plaintiff is a prevailing party:

"[P]laintiffs may be considered prevailing parties if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978). This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is "reasonable." *Hensley*

*v. Eckerhardt, supra*, 103 S.Ct. at 1939 (footnote omitted).

The court of appeals rendered its decision before the Supreme Court's pronouncements in *Hensley*. It is impossible to say whether that decision would have altered the court of appeals' view that Rose is a "prevailing party" in the limited circumstances heretofore described. In any event, it is not the province of this Court to second-guess the binding decisions of a reviewing court.

case directly contributed to Rose's success. This Court cannot agree. Although the attorneys jointly signed and submitted some of the pleadings and briefs filed in this action, the participation of Messrs. Monahan, Miller and St. Lucas was the result of a purely private arrangement for the sharing of research, information and advice. The Court will only consider the fee request of Quintin Hughes.

## II

## DISCUSSION

### A. *The Fee Request.*

In *Hensley v. Eckerhardt, supra,* the Supreme Court clarified the principles that guide the district court's discretion in awarding attorneys' fees under 42 U.S.C. Section 1988. In *Hensley,* the Court vacated the judgment of the court of appeals and remanded the case to the district court, holding that the latter had failed to properly consider the relationship between the extent of the plaintiff's success on the merits and the amount of the fee awarded. 103 S.Ct. at 1942–43. The Court explained that the "most useful starting point for determining the amount of a reasonable fee is the number of hours *reasonably expended* on the litigation multiplied by a reasonable hourly rate." *Id.* 103 S.Ct. at 1939. (emphasis added). The district court should exclude from this initial formula any hours that were not "reasonably expended." *Id.* Hence, the product of reasonable hours times a reasonable rate represents the basic or "lodestar" figure. *See Avalon Cinema Corp. v. Thompson,* 689 F.2d 137, 139 (8th Cir.1982) (en banc). In the present case, Mr. Hughes has submitted at least three different lodestar rates: $75.00 (in his pre-hearing affidavit); $60.00 (from the testimony of Edward Fogarty); and $50.00 (during Hughes' testimony and, later, in his post-hearing brief to this Court). Furthermore, although Mr. Hughes' timesheets indicate that he spent a total of 329.6 hours on this case, Mr. Fogarty testified that the work could have been performed in 250 hours.

The *Hensley* Court, 103 S.Ct. at 1940 n. 9, recognized that the district court could consider the following well-established guidelines in determining the lodestar figure:

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases.

*See Zoll v. Eastern Allamakee School District,* 588 F.2d 246, 252 n. 11 (8th Cir.1978) (citing the leading decision of *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974)), *see also Jaquette v. Black Hawk County,* 710 F.2d 455, 459 (8th Cir.1983). In view of the principles identified above, and after a thorough examination of Mr. Hughes' timesheets, the Court finds that: (1) Mr. Hughes "reasonably expended" 265 hours representing plaintiff Rose through the first appeal; (2) $60 per hour is a reasonable basic rate for these services. Thus, the "lodestar" figure is $15,900.

In *Hensley, supra,* the Supreme Court declared that a prevailing plaintiff's "degree of success" is the "most critical factor" to be weighed by the district court in determining a reasonable attorney's fee. 103 S.Ct. at 1941. The Court explained that "[i]f ... a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* The Court concluded that "[a] reduced fee award is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* 103 S.Ct. at 1943. Hence, the district court

may reduce the fee award below the lodestar figure by either identifying "specific hours that should be eliminated," or by merely deducting a fixed amount or percentage from the lodestar "to account for the limited success." *Id.* 103 S.Ct. at 1941; *see also Jaquette v. Black Hawk County, supra,* 710 F.2d at 458 n. 7.

In the complaint, plaintiffs Rose and Monahan asked the Court to declare that the Nebraska Department of Education had violated their rights under the Education of All Handicapped Children Act ("EAHCA"), and that the defendants' actions had denied them their rights to due process and equal protection of the laws. The plaintiffs further sought the appointment of a "master" to oversee the state Commissioner of Education, and a mandatory injunction to secure appropriate placement in special education classes for Marla Rose and Daniel Monahan. On a motion for a preliminary injunction, Judge Denney analyzed the pertinent factors and determined that the plaintiffs had raised a serious question as to the conflict between the Nebraska EAHCA hearing procedures, Neb.Rev.Stat. Section 43–662, and the controlling federal scheme. *Monahan v. State of Nebraska, supra,* 491 F.Supp. at 1093. Judge Denney found, however, that only Marla Rose was entitled to a preliminary injunction. 491 F.Supp. at 1094. Judge Denney entered an order that included the following provisions:

> IT IS FURTHER ORDERED that Marla Rose be *returned* to her "then current educational placement" in Omaha Public Schools. The cost of this placement shall be borne by the Omaha School District. Unless the parties agree otherwise, this placement shall continue during the pendency of all proceedings held under the Act.

> IT IS FURTHER ORDERED that the Commissioner of Education shall appoint an impartial hearing officer who shall hold a due process hearing on Rose's complaints. The Commissioner shall abstain from engaging in any review of the hearing officer's decision and shall implement such decision without modification. (Filing 20).

The latter provision was especially significant because it clearly reflected Judge Denney's view that the Nebraska hearing procedure conflicted with the federal act. However, the court of appeals stayed this section of the order pending the first appeal (Filing 31), and, on remand, this Court dismissed the action as moot. *Rose v. State of Nebraska, supra.* No hearing was ever held.

Judge Denney's decision to order a due process hearing for Marla Rose was a significant victory for the plaintiffs. Yet, the success was short-lived. The court of appeals not only stayed this critical portion of the preliminary injunction, but, even more importantly, it later urged this Court to consider alternative relief:

> The record establishes that the placement hearing was free from procedural error, save for the alleged impermissible review by the Commissioner. This review, however, amounted to no more than a rubberstamp of the hearing officer's decision. It might be appropriate for the district court merely to order the Commissioner to consider the findings of the first hearing final and binding. This would avoid a time-consuming and costly duplication of the earlier hearing.

645 F.2d at 599. Thus, Rose, who had vigorously maintained that the first special education hearing was tainted by procedural error, actually lost ground on the first appeal. Moreover, by the time the parties returned to this Court, the entire issue had been rendered moot by the Legislature's amendment of the offending section of the Nebraska act:

> The Court finds that the recent amendment of Neb.Rev.Stat. Section 43–662 and the enactment of Neb.Rev.Stat. 43–666 moot the question of whether the Nebraska statute is inconsistent with the Federal Legislation. As amended, the Nebraska statute eliminates any discretion previously vested in the Commissioner and thereby insures the integrity of the due process hearing.

*Rose v. State of Nebraska, supra,* 530 F.Supp. at 299. Indeed, the corrective legislation was actually signed by the Governor on March 28, 1980, more than a month before Judge Denney granted Rose's application for a preliminary injunction. The amendments became effective on July 19, 1980.

The conclusion is inescapable: although Rose prevailed at the outset of this litigation, it quickly became apparent that he had actually accomplished very little. Because this Court did not preside at the preliminary injunction hearing, it is difficult to evaluate Mr. Hughes' representation of George and Marla Rose. Nevertheless, the Court has no doubt that counsel engaged in extensive preparation and performed skillfully against a diligent and aggressive defense effort. The Court is convinced, however, that Rose achieved only limited success in pursuing his claim up through the first appeal; in light of the *Hensley* decision, Rose's fee award must therefore be reduced "in relation to the results obtained." *Hensley, supra,* 103 S.Ct. at 1943. The Court finds that the lodestar figure of $15,900 must be reduced by forty percent (40%) to account for Rose's limited success. The defendants therefore shall pay plaintiff Rose attorney's fees of $9540.00.

### B. *Fees for the Administrative Hearing.*

■ Plaintiff Rose also seeks attorney's fees of $12,468.69 for the efforts of counsel Michael Levy at the administrative due process hearing that preceded this suit. This claim must fail for two reasons. First, Rose was clearly not a "prevailing party" at the administrative level, and he did not challenge the hearing officer's decision on substantive grounds. Second, even if Rose had prevailed at the administrative hearing, he would still be foreclosed from receiving attorney's fees under 42 U.S.C. Section 1988. *See Horacek v. Thone,* 710 F.2d 496, 499–500 (8th Cir.1983) (Section 1988 does not provide a basis for awarding fees to parties who prevail in state administrative hearing); *cf. Derheim v. Hennepin County Welfare Board,* 688 F.2d 66 (8th Cir.1982) (Section 1988 fee request denied because administrative hearing was not a proceeding to enforce civil rights). Rose's request for attorney's fees for the Department of Education due process hearing is completely without merit and must, therefore, be denied.

### C. *Costs.*

■ Under Rule 54(d) of the Federal Rules of Civil Procedure, certain statutory costs are awarded to prevailing parties as a "matter of course." The successful litigant must, of course, prove the nature and amount of such costs. In this case, Rose's proof is deficient in several respects. First, Rose has failed to comply with Local Rule 34 concerning the taxation and payment of costs. Second, the only documentary proof submitted by either Rose or Monahan is an untitled, unnotarized statement of costs totalling $801.77. (*See* attachment to Filing 50). Two other figures have been mentioned during these proceedings: $890.52, in Rose's first brief to this Court, and "approximately" $850.00 in testimony by plaintiff James Monahan. Finally, the Court notes that, on April 8, 1981, the court of appeals directed that each party should bear its own costs for the first appeal. Defendants' Ex. 2 (8–18–83). It is uncertain whether the panel that heard the second appeal intended to change this order.

The court of appeals found that plaintiff Rose is entitled to an award of costs. *Monahan v. State of Nebraska, supra,* 687 F.2d at 1172. In the opinion of this Court, however, Rose has utterly failed to sustain his burden of proving the amount of awardable costs that he incurred in the prosecution of this action. The only testimony presented at the hearing was James Monahan's statement that the plaintiffs spent about $850.00 in pursuing this case through the first appeal. But Monahan was not a prevailing party for purposes of either 42 U.S.C. Section 1988 or Fed.R. Civ.P. 54(d). In view of the ambiguity created by the Eighth Circuit's order in the first appeal (Defendants' Ex. 2, *supra*) and, furthermore, because plaintiff Rose has failed to prove the amount of costs to

which he is entitled, this Court believes that the parties should bear their own costs in this case.

## III

## CONCLUSION

This Court is painfully aware of the time and expense involved in seeking relief from a federal court. The Civil Rights Attorney's Fees Awards Act of 1976 was enacted to lessen this substantial burden. Plaintiff Rose has conscientiously pursued a favorable resolution of this case and, to some extent, he has succeeded. Nevertheless, because of his limited success on the merits, Rose's claim for attorney's fees must be reduced. Furthermore, Rose's claim for a fee award for the administrative hearing that preceded this action must be rejected in its entirety. Finally, Rose has failed to prove the amount of statutory costs to which he is entitled. Therefore, for the reasons discussed in the foregoing Memorandum, IT IS HEREBY ORDERED:

1) that plaintiff Rose shall recover from the defendants an award of attorney's fees in the sum of $9540;

2) that Rose's motion for an award of attorney's fees and costs is, in all other respects, overruled.