748 F.2d 1258
 53 USLW 2303, 21 Ed. Law Rep. 486
 George ROSE, as next friend of Marla Rose, Appellant,
v.
STATE OF NEBRASKA, et al., Appellees.
George ROSE, as next friend of Marla Rose, Appellee,
v.
STATE OF NEBRASKA, Appellant.
George ROSE, as next friend of Marla Rose, Appellee,
v.
Charles THONE, et al., Appellants.
 Nos. 83-2678, 83-2722 and 83-2723.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 10, 1984.
Decided Nov. 26, 1984.
 
 James Monahan, Omaha, Neb., for Rose.
 Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., for State of Neb.
 John Heil, Omaha, Neb., for School Dist. # 1.
 Before McMILLIAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.
 ARNOLD, Circuit Judge.
 
 
 1
 This appeal is before us for the third time. In Monahan v. Nebraska, 687 F.2d 1164 (8th Cir.1982), cert. denied, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983), the second appeal, we held that the plaintiff George Rose was a prevailing party and remanded the case to the District Court "for the limited purpose of determining the proper amount of attorney's fees and costs to be awarded to the plaintiff Rose ...." Id. at 1172. The District Court, we said, was to award fees "for services rendered before it at the preliminary-injunction stage of the case, and for services rendered before this Court on the first appeal." Ibid.[1] On remand, the District Court[2] made its award of fees. Monahan v. Nebraska, 575 F.Supp. 132 (D.Neb.1983).
 
 
 2
 Rose appeals, claiming that he should have been awarded fees for his attorney's services in a state administrative proceeding under the Education for All Handicapped Children Act of 1975 (EAHCA), 20 U.S.C. Secs. 1401-1461. Defendants cross-appeal, arguing, among other things, that a fee award is barred by the Eleventh Amendment and that plaintiff obtained only insignificant relief. We partly agree with the Eleventh Amendment claim and modify the District Court's award so that it will run only against the members of the State Board of Education and the Commissioner of Education. As so modified, the judgment will be affirmed.
 
 I.
 
 3
 We shall restate enough of the factual and procedural background to make the issues remaining in this case intelligible. The suit was originally brought by George Rose on behalf of his handicapped child, Marla Rose. The complaint pleaded claims arising under the EAHCA; Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794; and 42 U.S.C. Sec. 1983. The Rehabilitation Act claim was fully disposed of on the second appeal and will not be further referred to in this opinion. The principal issue raised by the complaint that is still relevant was the validity of the Nebraska statutory procedure for administrative appeals from placement decisions made by school officials for handicapped children. The plaintiff claimed that Nebraska law as it existed when his complaint was first filed, Neb.Rev.Stat. Sec. 43-662 (1978), gave the State Commissioner of Education the power to review conclusions by hearing officers on administrative appeals filed by dissatisfied parents. This power of review, it was argued, conflicts with EAHCA itself, under which a decision made by an impartial hearing officer is final. The complaint also alleged that the injection of the State Commissioner of Education into the hearing process destroyed the impartiality of the proceeding, in violation of the Due Process Clause of the Fourteenth Amendment. This latter claim, constitutionally based, was the predicate for the allegation in the original complaint under 42 U.S.C. Sec. 1983.
 
 
 4
 The District Court originally granted preliminary relief to the Roses and, on the first appeal, this Court approved the granting of some form of relief, though the cause was remanded for reconsideration of exactly what relief should be ordered. In the meantime, however, the allegedly offending provision of state law had been amended to make it clear that the Commissioner of Education could not change a decision made by a hearing officer. L.B. 855, effective July 19, 1980, now codified as Neb.Rev.Stat. Sec. 43-662 (Cum.Supp.1980), made this change. Largely because of the enactment of this new law, the District Court, on remand from this Court's decision on the first appeal, dismissed the complaint as moot.
 
 
 5
 On the second appeal we approved this action in the main. We held, however, that the case was not moot to the extent that Rose was claiming attorney's fees. We held that Rose had prevailed both in the District Court and on the first appeal to this Court. Although EAHCA itself contains no provision for attorney's fees, we noted that the complaint also pleaded a claim under 42 U.S.C. Sec. 1983 based on the due-process theory described above. This constitutional, or Sec. 1983, ground was not reached by the District Court, and will never be reached by any court in this case, because the Nebraska statute that allegedly violated the Due Process Clause has been amended. We held, however, 687 F.2d at 1172, that Rose was nevertheless entitled to a fee award.
 
 
 6
 Where a non-fee claim is joined with a nonfrivolous claim under a statute providing for the award of fees, and the plaintiff prevails with respect to his non-fee claim, thus making it unnecessary for the court to reach the Sec. 1983 claim, an award of fees is nevertheless appropriate. See Robert M. v. Benton, 671 F.2d 1104 (8th Cir.1982), a case with some similarities to the present ones.
 
 
 7
 We then remanded the cause to the District Court for the limited purpose of determining the proper amount of fees and costs to be awarded to the plaintiff Rose. As noted above, this award was to be limited to services rendered in connection with Rose's successful request for a preliminary injunction. From the District Court's order entered pursuant to this remand, the present appeals have been filed. We shall address each of the three appeals in turn.
 
 II.
 
 8
 The plaintiff originally requested the District Court to award $42,870.00 in fees and costs for services rendered in court and $12,468.69 for fees and costs of the administrative hearing, or a total of $55,338.69. The District Court first carefully pared down this request by disallowing completely any compensation for services rendered in the administrative proceeding, and by limiting compensation for services rendered in court to those hours 1) expended by the only lawyer who formally appeared as counsel for Rose and 2) actually related to the obtaining of the preliminary injunction. This process resulted in a figure of 265 hours at $60.00 per hour, or a total "lodestar" amount of $15,900.00. The District Court then reduced this sum by 40% to account for the limited success of the plaintiff, 575 F.Supp. at 137. Accordingly, the award finally made was $9,540.00. This amount represents only fees. The court found that there had been a failure of proof with respect to court costs.
 
 
 9
 Rose makes a number of arguments in his appeal. We hold that they are all without merit and that only one deserves discussion. Rose argues that since EAHCA requires exhaustion of administrative remedies, he should have been awarded fees for the state administrative hearing. In support of this point he cites New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 100 S.Ct. 2024, 64 L.Ed.2d 723 (1980). Carey held "that Secs. 706(f) and 706(k) of Title VII authorize a federal-court action to recover an award of attorney's fees for work done by the prevailing complainant in state proceedings to which the complainant was referred pursuant to the provisions of Title VII." Id. at 71, 100 S.Ct. at 2034.
 
 
 10
 We agree with defendants that Carey is not controlling. Here, EAHCA, the statute which requires exhaustion of state administrative remedies, is not the statute on which the fee claim is based. As noted above, and as explained in our opinion on the second appeal, the fee award is based on 42 U.S.C. Sec. 1988, which comes into the case only because Rose alleged, in addition to his EAHCA theory, a parallel due-process-type claim under Sec. 1983. This latter section, of course, does not require exhaustion of administrative remedies. E.g., Patsy v. Board of Regents, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). In Horacek v. Thone, 710 F.2d 496, 499 (8th Cir.1983) (citations omitted), we held that the Carey reasoning was not applicable to Sec. 1983 actions, because "unlike Title VII 'no congressional policy exists under ... any of the civil rights statutes enumerated in Sec. 1988, which mandates that civil rights claimants initiate their actions at the state level before an action in federal court is proper.' "
 
 
 11
 Thus, since the award of fees is premised on 42 U.S.C. Sec. 1983, and that section does not require exhaustion of state administrative remedies, no fees are to be awarded for the state hearing. As noted, Rose has made certain other arguments as to the amount of the award, but we think they are without merit. The District Court carefully considered this matter in a thorough opinion, and there was no abuse of discretion in the method by which it arrived at the amount allowed.
 
 III.
 
 12
 No. 83-2722, the second of the above-captioned appeals, is a cross-appeal by the State of Nebraska. The state contends that the Eleventh Amendment bars this suit and the award of any attorney's fees against it. This argument was not made on the previous appeal, but the Eleventh Amendment is a limitation on the jurisdiction of the lower federal courts, and it can be raised as a defense at any time. Edelman v. Jordan, 415 U.S. 651, 678, 94 S.Ct. 1347, 1363, 39 L.Ed.2d 662 (1974).
 
 
 13
 As to the State of Nebraska itself and the State Board of Education as a board, the point is well taken. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, --- U.S. ----, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (citations omitted). The award made by the District Court will therefore be modified so that it will not run against either the State of Nebraska or the State Board of Education as such.
 
 IV.
 
 14
 No. 83-2723, the third appeal captioned above, is a cross-appeal by the defendants other than the State of Nebraska. These defendants are, in addition to the State Board of Education, which we have already discussed, the Governor, the Commissioner of Education, the members of the State Board of Education, the Douglas County School District # 1, and the members and certain employees of the School District. It is argued that Eleventh Amendment protects these defendants as well, but we disagree. It has been clear ever since Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that suits for declaratory and injunctive relief against state officials, as opposed to the state itself or one of its agencies, are not barred by the Eleventh Amendment. These officials may have an official, good-faith immunity against claims for damages, but that doctrine is no longer relevant here, because all claims for damages have been dismissed. The only claim remaining, the one as to which fees are being awarded, is a claim for equitable relief. See Wood v. Strickland, 420 U.S. 308, 315 n. 6, 95 S.Ct. 992, 997 n. 6, 43 L.Ed.2d 214 (1975) (immunity from damages does not ordinarily bar equitable relief); Edelman v. Jordan, supra, 415 U.S. at 677, 94 S.Ct. at 1362 (federal court's remedial power, consistent with Eleventh Amendment, is limited to prospective injunctive relief and may not include retroactive award requiring payment of damages from state treasury); but cf. Fitzpatrick v. Bitzer, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (sovereign immunity does not bar Title VII backpay award against a state).
 
 
 15
 It is true enough, as defendants point out, that an award made against a state official in his or her official capacity, as is the case here, will have to be paid from state funds, either from the general treasury or from some other state revenue source. That fact, however, has never been considered sufficient to bar either prospective injunctive relief that involves the payment of money, or the award of attorney's fees to a plaintiff who has prevailed on a claim for injunctive relief. The Supreme Court has specifically held that 42 U.S.C. Sec. 1988 authorizes attorney's fees as a part of the costs in Sec. 1983 cases. Hutto v. Finney, 437 U.S. 678, 693, 98 S.Ct. 2565, 2574, 57 L.Ed.2d 522 (1978). This is true even when the award is made against an official who is absolutely immune (as the present defendants are not) from actions for damages. Pulliam v. Allen, --- U.S. ----, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984) (fee award upheld against a judge in her official capacity; fact that defendant is absolutely immune from actions for damages no bar to a fee award for the benefit of a plaintiff who has prevailed in a suit for injunctive or declaratory relief). In short, neither the Eleventh Amendment nor any other immunity doctrine bars the fee award in this case as against defendants other than the State of Nebraska and the State Board of Education itself.
 
 
 16
 Defendants also claim, however, that the exclusivity doctrine of Maine v. Thiboutot, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980), further elaborated in Middlesex County Sewerage Authority v. National Sea Clammers Ass'n, 453 U.S. 1, 19-21, 101 S.Ct. 2615, 2625-2627, 69 L.Ed.2d 435 (1981), bars an award of fees against them. EAHCA, they say, is a comprehensive statute providing the exclusive remedy for handicapped students complaining of their educational placement. EAHCA does not provide for the award of fees. It therefore excludes a fee award, the argument runs, under the more general statute, Sec. 1983.
 
 
 17
 We are not without recent guidance from the Supreme Court on this point. See Smith v. Robinson, --- U.S. ----, 104 S.Ct. 3457, 82 L.Ed.2d 746 (1984). In Smith, the Supreme Court held that EAHCA provides the exclusive remedy for a handicapped child seeking redress under the Equal Protection Clause of the Fourteenth Amendment for failure to receive a free appropriate education. "Congress intended the [EAHCA] to be the exclusive avenue through which a plaintiff may assert an equal protection claim to a publicly financed special education." Id. 104 S.Ct. at 3468. An equal-protection claim brought by a handicapped child seeking the free appropriate education provided for by EAHCA, therefore, could not be based on Sec. 1983, and no fee could be awarded for such a claim.
 
 
 18
 In Smith, however, the plaintiff also made a due-process challenge to the partiality of the state hearing officer, just as Rose does here. The Smith Court found it unnecessary to decide "whether the procedural safeguards set out in the [EAHCA] manifest Congress' intent to preclude resort to Sec. 1983 on a due process challenge," id. 104 S.Ct. at 3470, but language in the Court's opinion rather strongly implies that an independent due-process claim, based on Sec. 1983, does lie under the circumstances of the case before us. The Court cites with apparent approval our opinion in Robert M. v. Benton, supra, and our opinion on the first appeal in the instant case, as well as the District Court's first opinion in this case. See 104 S.Ct. at 3471 n. 17. As the Court explains, in such cases the whole purpose of the due-process challenge is to compel state agencies to afford the process that is constitutionally due, and "there is no indication that agencies should be exempt from a fee award where plaintiffs have had to resort to judicial relief" to obtain this process. Ibid. "[U]nlike an independent equal protection claim, maintenance of an independent due process challenge to state procedures would not be inconsistent with the [EAHCA's] comprehensive scheme." Ibid. This discussion, to be sure, is dictum, and the Court's opinion, in text, expressly refrains from resolving the issue, but the implication is rather clear that a Sec. 1983 suit and a fee award are appropriate when a plaintiff claims that he is being denied due process because the EAHCA administrative hearing is not being impartially conducted, notwithstanding the fact that the same theory is also the basis for a claim under the EAHCA itself.
 
 
 19
 In Smith the Court declined to award fees, but only because the due-process theory asserted by plaintiffs was entirely separate from the substantive claim on which plaintiffs ultimately prevailed. In Smith plaintiffs did not seek a new hearing for themselves, but only a declaratory judgment that state regulations did not comply with due process, and an injunction prohibiting the State Commissioner of Education from conducting further hearings under these regulations. Here, on the other hand, Rose's due-process claim was squarely based on the same set of facts as to which he prevailed under the EAHCA. That is, Rose sought a second hearing for herself, unlike plaintiffs in Smith. In fact, in the instant case, plaintiff's motion for certification of a class was specifically denied, and injunctive relief was also denied "to the extent that the request seeks protection for persons not named in this lawsuit." Monahan v. Nebraska, 491 F.Supp. at 1080. When, in the course of our opinion on the second appeal, we directed that fees be awarded to Rose, we of course were without the benefit of the Supreme Court's opinion in Smith. Now, having studied that opinion, we still believe that a fee award to Rose is appropriate.
 
 
 20
 Next, defendants argue that a fee award is precluded by Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), another case decided since the second appeal in the instant case. Hensley holds that the most significant factor to be considered in awarding fees to a prevailing plaintiff is the degree of success obtained. We quite agree with defendants that Hensley prohibits a full fee award here, and, in fact, the District Court reduced substantially the "lodestar" figure, citing Hensley as its authority for doing so. The District Court's opinion fully explains the reasons for its reduction of the award, and, although the 40% reduction might conceivably have been either greater or less, we see no abuse of discretion in the District Court's approach. Nor can we agree with defendants that Hensley compels a conclusion that Rose is not a prevailing party. The Hensley standard for determining when a party has prevailed is a generous one, and a plaintiff who has obtained any significant relief is considered a prevailing party for purposes of Sec. 1988. See, e.g., Fast v. School District of the City of Ladue, 728 F.2d 1030 (8th Cir.1984) (en banc). Here, for the reasons fully explained in our opinion on the second appeal and in the District Court's most recent opinion, plaintiff is a prevailing party, though the limited nature of the relief obtained does justify a substantial reduction in the "lodestar" figure.
 
 
 21
 Finally, we agree with defendants that special circumstances make a fee award unjust against either the Governor or the local school district, Douglas County School District # 1. As far as we can tell, the Governor has had no personal involvement in this matter at all. There was no good reason for him to be made a defendant, and no reason for a fee award to be made against him. The School District was a necessary defendant, but in the special circumstances of this case, we believe that no fee award should be made against it. Other parties, the Commissioner of Education and the members of the State Board of Education, are in the case, and a fee award against them will fully compensate the plaintiff to the extent required by law. The local school district did only what it reasonably believed was compelled by state law. It was the involvement of the Commissioner of Education in the later administrative stages of the case, not anything done by the local school district, that provided the basis for plaintiff's successful claim that the state administrative process conflicted with federal law. Normally, a state official carrying out state law found unconstitutional is liable for fees under Sec. 1988, but here other state officials are present in the case with a much more direct connection to the very part of state process that raised the federal-law issue on which plaintiff prevailed. We believe that an award of fees against the local school district is unnecessary to vindicate plaintiff's federal rights.
 
 V.
 
 22
 The judgment of the District Court is modified so that no fee award is made as against the State of Nebraska, the State Board of Education as a board, the Governor of Nebraska, or the Douglas County School District # 1. The award of fees in the amount of $9,540.00 against the Commissioner of Education in her official capacity and the members of the State Board of Education in their official capacities is affirmed. Each side will bear its own costs on this appeal, and no fees will be awarded to either side for services rendered on this appeal.
 
 It is so ordered.[3]
 
 
 [1]
 For the previous history of this case, see Monahan v. Nebraska, 491 F.Supp. 1074 (D.Neb.1980), aff'd in part, vacated in part, and remanded, 645 F.2d 592 (8th Cir.1981), on remand, Rose v. Nebraska, 530 F.Supp. 295 (D.Neb.1981)
 
 
 [2]
 The Hon. Richard E. Robinson, Senior United States District Judge for the District of Nebraska
 
 
 [3]
 Defendants spend a good portion of their briefs arguing that our decision on the second appeal, directing a fee award to the plaintiff Rose, was incorrect. This decision is the law of the case, and we decline to reexamine it. We note that defendants did not seek Supreme Court review, though plaintiffs did, without success. See Rose v. Nebraska, 460 U.S. 1012, 103 S.Ct. 1252, 75 L.Ed.2d 481 (1983)