29 F.3d 383
 63 USLW 2080
 HOLIDAY INNS FRANCHISING, INC., and Holiday Inns, Inc., Appellees,
v.
Terry BRANSTAD, Governor of the State of Iowa, Appellant,
John Q. Hammons and Omaha Hotel, Inc., Defendants,
Iowa Franchisee Association, Intervenor.
MCDONALD'S CORPORATION, Appellee,
v.
Steven NELSON and Tass Enterprises, Inc., Defendants,
MCDONALD'S CORPORATION, Appellee,
v.
Steven NELSON and Tass Enterprises, Inc., Defendants,
State of Iowa, Intervenor,
Iowa Franchisee Association, Appellant.
State of Iowa, Appellant,
Iowa Franchisee Association, Intervenor.
HOLIDAY INNS FRANCHISING, INC., and Holiday Inns, Inc., Appellees,
v.
Terry BRANSTAD, Governor of the State of Iowa; John Q.
Hammons; and Omaha Hotel, Inc., Defendants,
Iowa Franchisee Association, Appellant.
 Nos. 93-2606, 93-2607, 93-2609.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 12, 1994.
Decided July 7, 1994.
 
 Mark Hunacek, Asst. Atty. Gen., Ames, IA, argued, for Branstad.
 Brent R. Appel, Des Moines, IA, argued, for Iowa Franchisee Ass'n.
 Alan Silberman, Chicago, IL, argued, for McDonald's Corp.
 John G. Parker, Atlanta, GA, argued, for Holiday Inns; Robert T. Joseph, William T. Barker, Jill A. Thompson, Ronald T. Coleman, Janet L. Kishbaugh and Edward W. Remsburg, on briefs, for appellees.
 Before BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges, and STROM,* District Judge.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 These were consolidated actions for summary judgment claiming that application of the Iowa Franchise Act, see Iowa Code Ann. Secs. 523H.1-523H.17, to existing franchise agreements was unconstitutional under the Contract Clause of both the United States and Iowa Constitutions. Section 2 of the Act expressly extends its effects to existing franchise arrangements. Plaintiffs pointed to several provisions of the Act that they believed would substantially and thus unconstitutionally impair the obligations owed by their franchisees under their current licensing arrangements. Those provisions concern principally the circumstances under which franchisees can transfer their franchises without the franchisor's consent and the right of the franchisor to terminate or refuse to renew the agreement. The district court, in a detailed and well-considered opinion, held that the retroactive application of these provisions violated both the Iowa and United States Constitutions. This appeal resulted. We affirm the district court.[1] 822 F.Supp. 597.
 
 I.
 
 2
 We do not think that it can be seriously contested that the retroactive feature of the relevant Iowa legislation substantially impaired the obligations previously owed to the plaintiffs in this case, or that this dispute is ripe for adjudication. We therefore do not see that any useful purpose would be served by a re-examination of the applicable legal principles so ably canvassed and applied by the district court.
 
 
 3
 We do offer, however, some observations on a very troublesome aspect of current Contract-Clause jurisprudence. The Supreme Court has held that in determining whether an impairment is substantial, and thus unconstitutional, a court should take into account whether the kind of contract or relationship that furnishes the subject matter of the dispute had previously been the subject of regulation. In Allied Structural Steel Co. v. Spannaus, 438 U.S. 234, 250, 98 S.Ct. 2716, 2725, 57 L.Ed.2d 727 (1978), for instance, the Court said that the relevant inquiry was whether the disputed legislation operated "in an area already subject to state regulation at the time the company's contractual obligations were originally undertaken," or whether, instead, it "invaded an area never before subject to regulation by the State." A later case states the matter a little differently and, perhaps, more narrowly. In Energy Reserves Group, Inc. v. Kansas Power and Light Co., 459 U.S. 400, 411, 103 S.Ct. 697, 704, 74 L.Ed.2d 569 (1983), the Court indicated that the proper consideration was "whether the industry the complaining party has entered has been regulated in the past." The idea, evidently, is that if the party to the contract who is complaining could have seen it coming, it cannot claim that its expectations were disappointed. To put it in economic terms, a party's evaluation of the possibility of interference is reflected in the negotiated price, and thus the value of performance to it is not reduced, if it can more or less accurately value the risk of that interference. We believe that this is the principle that the Supreme Court is developing in its cases.
 
 
 4
 We also believe that the appellees here cannot reasonably be said to have had a fair and appreciable warning of an impending intervention into their agreements. It is true, as appellants point out, that other franchise arrangements of at least five different varieties had been regulated previously in Iowa. But what appellants fail to note is that only one of those statutes purported to be retroactive and then not generally so: Its retrospective effect was limited to franchise agreements that had an indefinite term. See Iowa Code Ann. Secs. 322F.1-322F.9. The other such statutes either contain no reference to retroactivity or contain express provisions limiting them to prospective application only. (For an example of the latter type, see Iowa Code Ann. Secs. 323.1-323.14.) Appellants also cite to a plethora of statutes from other jurisdictions that they claim are similar to the one under consideration here. The infirmity in this argument is that almost none of those statutes purports to be retrospective. It is absolutely plain, moreover, that the retrospective application of statutes similar to the one here, and in the circumstances that are present in this case, has almost uniformly been held unconstitutional, and this is a datum on which franchisors are presumably allowed to rely while bargaining and in fixing the prices of their licenses. See, e.g., Northshore Cycles, Inc. v. Yamaha Motor Corp., U.S.A., 919 F.2d 1041 (5th Cir.1990) (per curiam ), and Morgan v. Kemper Insurance Companies, 754 F.2d 145 (4th Cir.1985).
 
 
 5
 We therefore see no merit in appellants' argument that the plaintiffs are chargeable with notice of a reasonable possibility that the legislature would enact Iowa Code Ann. Secs. 523H.1-523H.17 and make those sections retroactively applicable to existing franchise contracts.
 
 II.
 
 6
 We therefore affirm the district court.
 
 
 
 *
 The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska, sitting by designation
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa