**EQUIPMENT MANUFACTURERS INSTITUTE, AGCO Corporation, Case Corporation, Deere & Company, and New Holland North America, Inc., Plaintiffs,**

v.

**William J. JANKLOW, Governor of the State of South Dakota, in his official capacity, and Mark Barnett, Attorney General of the State of South Dakota, in his official capacity, Defendants.**

No. Civ 99–4161.

United States District Court, D. South Dakota, Southern Division.

March 23, 2000.

David A. Gerdes, Michael F. Shaw, May, Adam, Gerdes & Thompson, Pierre, SD, for plaintiffs.

Jeffrey P. Hallem, Attorney General's Office, Pierre, SD, for defendants.

## MEMORANDUM OPINION AND ORDER

PIERSOL, Chief Judge.

This is a suit for declaratory judgment brought by a trade organization, the Equipment Manufacturers Institute in

Chicago, Illinois, and manufacturers of agricultural machinery, AGCO Corporation, Case Corporation, Deere & Company, and New Holland North America, Inc., against Governor William J. Janklow and Attorney General Mark Barnett. The action challenges trade legislation passed by the 1999 South Dakota Legislature as Senate Bill 194 and signed into law by Governor Janklow on March 18, 1999. The legislation went into effect on July 1, 1999, and is codified at SDCL §§ 37–5–13, 37–5–14, and 37–5–15. Plaintiffs filed this lawsuit on August 16, 1999.

The challenged statutes are additions to Chapter 37–5 of the South Dakota Code, which pertains to franchises of dealers in vehicles, implements and equipment. SDCL § 37–5–13 defines the terms "dealer," "dealership contract," "machinery," "manufacturer," and "single-line dealer" as those terms are subsequently used in SDCL §§ 37–5–14 and 37–5–15. SDCL § 37–5–14 provides that certain circumstances are not cause for the termination or discontinuance of a dealership contract, or for entering into a dealership contract for the establishment of an additional dealership in a community for the same line-make. SDCL § 37–5–15 identifies certain terms or conditions that are prohibited in dealership contracts.

The plaintiffs claim this Court should declare SDCL §§ 37–5–13, 37–5–14, and 37–5–15 unconstitutional: (1) under Article I, § 10 of the United States Constitution and Article VI, § 12 of the South Dakota Constitution because the statutes impair pre-existing dealership contracts; (2) under the Supremacy Clause of the United States Constitution because the legislation prohibits manufacturers from requiring dealers to submit contract disputes to arbitration in accordance with Section 2 of the Federal Arbitration Act, 9 U.S.C. § 2; (3) as void for vagueness under the Fourteenth Amendment to the United States Constitution and Article VI, § 2 of the South Dakota Constitution; and (4) as a denial of substantive due process under the Fourteenth Amendment to the United States Constitution and Article VI, § 2 of the South Dakota Constitution.

The defendants move to dismiss the action for lack of jurisdiction, arguing that the suit is barred by the state's Eleventh Amendment immunity and because there is not a justiciable controversy between the parties to warrant this Court's exercise of jurisdiction. Plaintiffs resist the motion to dismiss. The Court held a telephone conference with counsel for the parties, during which the Court heard oral argument on the motion to dismiss.

"It has been clear ever since *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), that suits for declaratory and injunctive relief against state officials, as opposed to the state itself or one of its agencies, are not barred by the Eleventh Amendment." *Rose v. State of Nebraska,* 748 F.2d 1258, 1262 (8th Cir.1984), *cert. denied sub nom. Lutjeharms v. Rose,* 474 U.S. 817, 106 S.Ct. 61, 88 L.Ed.2d 50 (1985). Defendants do not seriously contest that general proposition of law, but raise the question whether plaintiffs' lawsuit falls within the *Ex parte Young* exception. Defendants argue that plaintiffs cannot establish an ongoing violation of federal law by the named state officials to justify application of the *Ex parte Young* exception to Eleventh Amendment immunity. Defendants argue the plaintiffs have not alleged in their Complaint that either the Governor or the Attorney General has taken any action or threatened to take action against the plaintiffs to enforce the provisions of the challenged state legislation, and defendants contend that a hypothetical threat is not enough. Further, defendants argue the plaintiffs have not alleged the defendants have any affirmative enforcement duties under the challenged legislation; rather, enforcement of the legislation would occur in private civil litigation. Defendants suggest this case is unlike other cases in which direct state action was challenged by bringing a declaratory judgment action against state officials. *See In re SDDS, Inc.,* 97 F.3d

1030, 1035 (8th Cir.1996) (involving extensive litigation about proposed multistate solid waste disposal facility at Edgemont, South Dakota); *Lynch v. Public School Retirement Sys. of Missouri,* 27 F.3d 336, 338–39 (8th Cir.1994) (involving challenge by former state employees who were denied refunds of personal retirement contributions made to public retirement system); *Rose,* 748 F.2d at 1262 (involving disabled child and claims brought under various federal statutes against State, State Board of Education and its members, Governor, Commissioner of Education, and county school district and its members); *Macbride v. Exon,* 558 F.2d 443, 447 (8th Cir.1977) (involving enforcement of Nebraska statutes to keep Libertarian candidate's name off election ballot); *Luckey v. Harris,* 860 F.2d 1012, 1014 (11th Cir.1988) (involving § 1983 class action about legal representation of indigent defendants). Defendants characterize the plaintiff's cause of action as one seeking an advisory opinion of this Court, in contravention of Article III case and controversy requirements.

On the other hand, the plaintiffs assert that the general state-law obligations placed on the Governor and the Attorney General to faithfully execute the laws is sufficient to bring the plaintiffs within the *Ex parte Young* exception to allow this declaratory judgment action to go forward. The plaintiffs do not want to break the law first in order to challenge its constitutionality. In their brief in resistance to the motion to dismiss, the plaintiffs relied heavily on *Okpalobi v. Foster,* 190 F.3d 337 (5th Cir.1999), in which a panel of the Fifth Circuit held the Governor and Attorney General had a sufficient connection to Louisiana statutes making an abortion provider liable for damages in tort to a woman obtaining an abortion to fall within the *Ex parte Young* exception. Since the parties filed their briefs in this case, however, the Fifth Circuit granted rehearing en banc in *Okpalobi v. Foster,* 201 F.3d 353 (5th Cir. 2000). At oral argument, plaintiffs relied primarily on *McDonald's Corp. v. Nelson,* 822 F.Supp. 597, *aff'd sub nom. Holiday Inns Franchising, Inc. v. Branstad,* 29 F.3d 383 (8th Cir.1994), *cert. denied,* 513 U.S. 1032, 115 S.Ct. 613, 130 L.Ed.2d 522 (1994).

■ The Court concludes that *McDonald's Corp.* and the Eighth Circuit's affirming opinion in *Holiday Inns Franchising, Inc.* impliedly resolve the jurisdictional issues in this case. In those cases, food service and hotel franchisors filed separate actions seeking a declaratory judgment that provisions of the Iowa Franchise Act violated the contract clauses of the federal and state constitutions as applied to franchise agreements existing at the time the legislation was enacted. In the suit brought by McDonald's Corporation, the State of Iowa was an intervenor. In the action brought by Holiday Inns Franchising, Inc., Iowa Governor Terry Branstad was a named defendant. Defendants correctly argue that, in the Iowa cases, franchisees were also named as parties, while franchisees are not named as parties here. Federal courts may question their subject matter jurisdiction at any time, however, and neither the Iowa federal district court nor the Eighth Circuit mentioned a jurisdictional concern in their opinions. Therefore, it appears to be implied, especially in the action against Governor Branstad, that a state official can be a proper defendant in a declaratory judgment action challenging the constitutionality of franchise regulation. There is no indication in the *McDonald Corp.* and *Holiday Inns Franchising, Inc.* cases that the Iowa Legislature bestowed upon Governor Branstad in the Iowa Franchise Act specific enforcement powers to form the basis for the courts' exercise of jurisdiction to resolve the dispute. It appears that Governor Branstad was named as a party defendant only because of the general obligations placed upon him by state law to faithfully execute the laws. Similarly, the Court concludes in this case that the general enforcement powers of the South Dakota Governor and the Attorney General are sufficient to bring them within the *Ex*

*parte Young* exception so that the Eleventh Amendment does not bar this suit.

■ Defendants next argue that plaintiffs cannot establish a justiciable controversy exists between the named parties for this Court to exercise its jurisdiction. "The case or controversy requirement of Article III applies with equal force to declaratory judgment as it does to actions seeking traditional coercive relief." *Marine Equipment Mgt. Co. v. United States,* 4 F.3d 643, 646 (8th Cir.1993). "The test to determine whether there is an actual controversy within the meaning of the Declaratory Judgment Act is whether 'there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Id.* (quoted case omitted). Because the test to determine what is a "substantial controversy" is imprecise, the decision is made on the facts on a case-by-case basis. *Id.* A federal court is without power to issue advisory opinions. *Vorbeck v. Schnicker,* 660 F.2d 1260, 1264 (8th Cir. 1981) (quoting *Federation of Labor v. McAdory,* 325 U.S. 450, 65 S.Ct. 1384, 89 L.Ed. 1725 (1945)). Federal courts are not to decide abstract, hypothetical or contingent questions, to decide any constitutional question in advance of the necessity for its decision, to formulate a rule of constitutional law broader than is required by the precise facts to which it is to be applied, or to decide any constitutional question except with reference to the particular facts to which it is to be applied. *Id.* In deciding whether issues are ripe for consideration, the courts look at numerous factors, including the adverse positions of the parties, whether the legal issues would be affected by further factual development, judicial efficiency, finality, and the likelihood that the asserted injury or anticipated events will occur. *McDonald Corp.,* 822 F.Supp. at 604.

■ Dissimilarly to the Iowa Franchise Act at issue in *McDonald Corp.,* 822 F.Supp. at 600, the challenged South Dakota franchise statutes do not expressly state whether they apply retroactively to franchise contracts in existence at the time the statutes became effective July 1, 1999. As in *McDonald Corp.,* however, the plaintiffs vigorously contest the constitutionality of the Act as applied to franchise contracts in existence on the effective date of the South Dakota legislation, *see McDonald Corp.,* 822 F.Supp. at 604, and this Court takes note of the Eighth Circuit's observation in *Holiday Inns Franchising, Inc.,* 29 F.3d at 384, that "[w]e do not think that it can be seriously contested that ... this dispute is ripe for adjudication." As in *McDonald Corp.,* 822 F.Supp. at 604–605, "[b]ecause plaintiffs request a declaration that the [South Dakota statutes] in and of themselves conflict with their rights under their license agreements, further factual development is unnecessary." Moreover, the anticipated events are likely to occur because plaintiffs are likely to make business judgments that are in conflict with the provisions of SDCL §§ 37–5–14 and 37–5–15, thus forcing plaintiffs to break the laws in order to challenge them. Although the parties could await a situation where the provisions of a franchise contract and the statutes' provisions come clearly into conflict, "this court will be in no better position later than now to decide the question of whether the [statutes'] provisions unconstitutionally impair plaintiffs' contract rights." *McDonald Corp.,* 822 F.Supp. at 605. *See also Honeywell v. Minnesota Life and Health Ins. Guar. Ass'n,* 110 F.3d 547, 558 (8th Cir.) (en banc) (Loken, J., concurring) ("recent Eighth Circuit cases have looked unfavorably on retroactive legislation impairing contracts, even in heavily regulated industries[,]" citing among other cases *Holiday Inns Franchising, Inc.*), *cert. denied,* 522 U.S. 858, 118 S.Ct. 156, 139 L.Ed.2d 102 (1997); *In re Workers' Compensation Refund,* 46 F.3d 813, 820 (8th Cir.1995) (same). Therefore, having considered the applicable factors, the Court concludes that the issues are ripe for judicial decision and the motion to dismiss is denied. Accordingly,

IT IS ORDERED that defendants' Motion To Dismiss For Lack Of Jurisdiction is denied. (Doc. 11.)