BYE, Circuit Judge,
dissenting.
Although South Dakota’s new law impairs contracts, as the majority holds, I believe the impairment was foreseeable to equipment manufacturers. For that reason, I respectfully dissent.
An impairment is not substantial in a field where prior regulation existed and new legislation “was foreseeable as the type of law that would alter contract obligations.” Energy Reserves Group, Inc. v. Kan. Power & Light Co., 459 U.S. 400, 416, 103 S.Ct. 697, 74 L.Ed.2d 569 (1983). “The idea ... is that if the party to the contract who is complaining could have seen it coming, it cannot claim that its expectations were disappointed.” Holiday Inns Franchising, Inc. v. Branstad, 29 F.3d 383, 385 (8th Cir.1994).
Since 1951, South Dakota has prohibited manufacturers from terminating dealerships “unfairly, without due regard to the equities of the dealer and without just provocation.” S.D. Codified Laws § 37-5-3. All provisions in dealership contracts which purport to waive compliance with § 37-5-3 are void. S.D. Codified Laws § 37-5-12. Thus, manufacturers have long been on notice that their dealership contract terms, at least those terms relating to termination, were subject to state regulation. See Groseth Int’l, Inc. v. Tenneco, Inc., 410 N.W.2d 159, 168 (S.D.1987) (interpreting § 37-5-3 and holding that the “just provocation” standard “requires some sort of misconduct or shortcoming on the part of the dealer,” and rejecting the *863 manufacturer’s argument it could meet the standard where a termination was in good faith). The restrictions on dealership termination now found at § 37-5-14 merely fine-tune those existing regulations, providing specific circumstances under which a termination will be considered unfair and without just cause. I am therefore unable to conclude that the provisions of § 37-5-14 pertaining to termination violate the Contract Clause.
In reaching this conclusion, I find persuasive the reasoning of the Seventh Circuit in Chrysler Corp. v. Kolosso Auto Sales, Inc., 148 F.3d 892 (7th Cir.1998). Wisconsin had a longstanding statute prohibiting auto manufacturers from terminating auto dealerships “unfairly, without due regard to the equities of said dealer and without just provocation.” Wis. Stat. § 218.01(3)(a)(17) (enacted in 1937, renumbered at § 218.0116(1)(i) by 1999 Act 31, §§ 14 to 283, eff. April 19, 2000). In 1993, Wisconsin amended the law to (1) allow a dealer to challenge a manufacturer’s refusal to allow the dealer to relocate, and (2) create a specific procedure for resolving relocation disputes. See Wis. Stat. § 218.01(3x) (renumbered at § 218.0134(3)(a) by 1999 Act 31, §§ 14 to 283, eff. April 19, 2000). In 1995, when Kolosso Auto Sales informed Chrysler it wanted to move its dealership, Chrysler sued to enforce a provision in the dealership contract that forbid Kolosso from relocating without Chrysler’s permission, and to declare the new law invalid under the Contract Clause. Kolosso, 148 F.3d at 893.
The Seventh Circuit held the 1993 amendment did not violate the Contract Clause. The court noted Wisconsin had interpreted the pre-existing law’s “just provocation” clause “to forbid termination without good cause.” Id. at 896. The court reasoned the pre-existing law would have prevented Chrysler from terminating Kolosso for moving the dealership without permission, absent good cause, and the new law merely specified that a manufacturer could not terminate a dealer for an unauthorized relocation unless it followed the new procedures for resolving relocation disputes.
Chrysler should have known ... that it did not have a solid right to prevent a dealer from changing the location of the dealership, that it was operating in a grey area of the dealership law, that the law might some day be amended to regulate disputes over relocation specifically, and that if this happened it might not be able to get the amendment struck down under the contracts clause.
Id. at 897.
Here, the district court correctly concluded § 37-5-14’s specific provisions on termination “are simply particular applications of the general standard in § 37-5-3[and] the substantive changes effected by the Dealership Act at issue in this ease are not so different from the changes in Kolos-so as to impose a substantial impairment under the Contract Clause.” Equip. Mfrs. Inst. v. Janklow, 136 F.Supp.2d 991, 1000 (D.S.D.2001). Because § 37-5-14’s impairment on existing contracts was foreseeable, it is uneeessary to address whether the legislation serves a significant and legitimate public purpose.
I would affirm the district court in all respects.