630 F.2d 237
 Patricia and Ed W. SCRUGGS, individually and on behalf of
their minor child, Susanna Scruggs, Appellants,
v.
W. E. CAMPBELL, Individually and in his official capacity;
The Board of Education of the Commonwealth of Virginia;
Henry W. Tullock; W. W. Robinson; Mark Fravel, Jr.; Billy W.
Frazier; Elizabeth G. Helm; Allix B. James; Elizabeth M.
Rogers; Thomas R. Watkins; Kenneth S. White; Earl W.
Johnson; The County School Board of Pittsylvania; E. B.
Fitzgerald, Jr.; D. Duane Burnett; Obie Glen Adams; Koyeton
H. Beavers, Jr.; William S. Easley, Jr.; Carter G. Layne;
George A. Martin; Calvin C. Oakes; Carl A. Obuchowski; Edith
W. Smith; Harold E. Terry; William K. Pearson, Appellees.
 No. 79-1704.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 6, 1980.
Decided Sept. 26, 1980.
 
 William A. Beeton, Jr., Altavista, Va. (Harvey, Eller & Beeton, Altavista, Va., on brief), for appellants.
 Walter H. Ryland, Chief Deputy Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Muriel N. Hopkins, Asst. Atty. Gen., Richmond, Va., Frank O. Meade, Danville, Va., on brief), for appellees.
 Before BUTZNER, RUSSELL and PHILLIPS, Circuit Judges.
 BUTZNER, Circuit Judge:
 
 
 1
 This appeal raises a question about the propriety of bifurcating a single controversy over the education of a handicapped child by litigation in both state and federal courts. The district court held that the issues arising out of the controversy should not be tried in both forums, and it dismissed the complaint filed by Patricia and E. W. Scruggs, parents of the child, against state and county educational officials. We affirm because the state court was the appropriate forum for litigation of all issues arising out of the controversy.
 
 
 2
 * Susanna Scruggs is a handicapped child who attends school in Pittsylvania County, Virginia. As required by the Education of All Handicapped Children Act, 20 U.S.C. § 1414(a)(5), the county school board has established an educational program for her.[1] Susanna's plan specified that an aide would accompany her at school.
 
 
 3
 The Scruggs complained that the aide mistreated Susanna and asked the board to replace her. When it refused, the parents requested a hearing.[2] A hearing officer conducted two days of hearings and concluded that Susanna was receiving the services required by law. The Scruggs appealed from this ruling to the Virginia Department of Education.[3] In the meantime, the board adopted the recommendations of the local hearing officer as its decision.[4]
 
 
 4
 Shortly after the board issued its decision, the Scruggs filed this action in the district court. They sought reversal of the local hearing officer's decision, appointment of a suitable aide, a declaration that the board's participation in the administrative proceedings violated state and federal statutes and the due process clause because it was an interested party, injunctive relief against the state and local officials, compensatory and punitive damages aggregating $150,000, and attorney's fees. Jurisdiction was predicated on 20 U.S.C. § 1415(e)(2) (Education for All Handicapped Children Act), 28 U.S.C. §§ 1331 (federal question), 2201, and 2202 (declaratory judgment), 29 U.S.C. § 794 (Rehabilitation Act), and 42 U.S.C. § 1983 (Civil Rights Act).
 
 
 5
 While the federal action was pending, the Scruggs pursued their state administrative remedies. The state administrative law judge ruled in their favor, reversing the decisions of the local hearing officer and board. This became the final administrative action.
 
 
 6
 The board, as the aggrieved party, appealed the state administrative decision to the Circuit Court of Pittsylvania County, naming the Scruggs as defendants.[5] The state and local officials also moved for dismissal of the federal suit.
 
 
 7
 Before the state circuit court decided the board's suit, the district court, ruling that it should abstain, granted the officials' motion to dismiss. The district court record has been supplemented by a copy of the opinion and order of the Circuit Court of Pittsylvania County ruling in favor of the board. The Scruggs did not appeal this judgment to the Supreme Court of Virginia. The supplemented record also discloses that a new aide acceptable to the Scruggs was appointed for Susanna. For part of the first semester of the school year, Susanna was afforded homebound instruction while the board agreed to "work diligently in finding a suitable residential school for Susanna."
 
 II
 
 8
 Judicial review of administrative decisions concerning the education of a handicapped child is governed by 20 U.S.C. § 1415(e)(2). This statute provides that any party aggrieved by a final administrative decision may bring an action in either state or federal court. The statute directs the court to consider the administrative record and additional evidence presented by the parties, base its decision on the preponderance of the evidence, and grant appropriate relief. In Virginia the federal statute is complemented by § 22-10.4(D) (Supp.1979), which authorizes the aggrieved party to file an action in the circuit court of the jurisdiction where the school is located. The state statute, in other respects, is identical to the federal. It is therefore apparent that both the federal and state statutes contemplate broad judicial review at the conclusion of the administrative action. Deferral of judicial review until the administrative action has been completed is emphasized by the provision that unless the parties otherwise agree, the current educational placement of the child shall remain in effect during the pendency of all proceedings. 20 U.S.C. § 1415(e)(3).
 
 
 9
 Congress did not intend judicial consideration of the controversy in both federal and state courts. By giving the party aggrieved by the final administrative decision the option to proceed in either forum, the statute avoids simultaneous litigation in both. In this case, the board as the party aggrieved by the final administrative decision could elect to bring its action in the Circuit Court of Pittsylvania County.
 
 
 10
 The Circuit Court of Pittsylvania County is a court of record exercising plenary jurisdiction. Va.Code § 17-123 (Supp.1980). Virginia rules of practice 2:13 and 3:8 (2 Va.Code 1977), pertaining to counterclaims, are broad. With respect to the education of handicapped children, Va.Code § 22-10.4(D) (Supp.1979) authorizes the state court to "grant such relief as the court determines is appropriate." This is identical to the authority conferred on federal courts by 20 U.S.C. § 1415(e)(2). Therefore, in the absence of a decision by the Virginia Supreme Court limiting the relief available to the parents of a handicapped child, we will not anticipate that persons in the position of the Scruggs could obtain greater relief in the federal court than in the state.
 
 
 11
 The district court correctly recognized that the federal action was premature because the Scruggs had not exhausted their administrative remedies under either the Education for All Handicapped Children Act or the Rehabilitation Act. Myers v. Bethlehem Corp., 303 U.S. 41, 50-52, 58 S.Ct. 459, 463-464, 82 L.Ed. 638 (1938). The Scruggs' allegation that their administrative remedies were futile is refuted by the final administrative decision in their favor. Moreover, the Scruggs' citation of 42 U.S.C. § 1983, which does not require exhaustion of administrative remedies, did not entitle them to prevail in their race to the courthouse. Although no state suit was pending when the Scruggs filed their federal action, federal abstention became appropriate when the board sought review in the state court. After the state suit was brought to the attention of the district court, it properly abstained because no proceedings on the merits of the claim had been conducted in the federal court. Hicks v. Miranda, 422 U.S. 332, 349-50, 95 S.Ct. 2281, 2291-92, 45 L.Ed.2d 223 (1975).
 
 
 12
 In the absence of exceptional circumstances, which are not presented by this record, we find no justification for litigating in two judicial systems a controversy over a handicapped child's education. The federal Act specifically authorizes suit in either state or federal courts. Whether an action is brought in one court or another, the Act contemplates exhaustion of administrative remedies. Judicial review was properly instituted in the state court, where all parties could obtain the same relief that would have been available in the federal court, even though the issues were multifaceted. We therefore conclude that the district court correctly declined to exercise its jurisdiction. Moore v. Sims, 442 U.S. 415, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979).
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Virginia Regulations and Administrative Requirements for the Operation of Special Education Programs (Va.Reg.) Ch. III § II (1978) implement the federal statute. See Va.Code § 22-10.3 through 22-10.13 (Supp.1979)
 
 
 [2]
 A hearing is required by 20 U.S.C. § 1415(b)(2), 45 C.F.R. § 121(a). 506; Va.Code § 22-10.4(B) (Supp.1979); Va.Reg. Ch. V B 8 (1978)
 
 
 [3]
 See 20 U.S.C. § 1415(c); 45 C.F.R. 120(a). 510; Va.Code § 22-10.4(B) (Supp.1979); Va.Reg. Ch. V B 8 (1978)
 
 
 [4]
 The school board acted in accordance with state regulations then in effect. Virginia has since revised these regulations by eliminating school boards' authority to review local hearing officers' decisions. The revision conforms to the policy adopted by the Department of Health, Education, and Welfare. Va.Reg. Ch. 5 B 7 and 8 (1979); 43 Fed.Reg. 36036 (Aug. 14, 1978)
 
 
 [5]
 See 20 U.S.C. § 1415(e)(2); Va.Code § 22-10.4(D) (Supp.1979)