**COLIN K., et al.**

v.

**Thomas C. SCHMIDT, et al.**

**Civ. A. No. 80–0248.**

United States District Court, D. Rhode Island.

Dec. 1, 1981.

Patricia M. Beede and Robert M. Sabel of Rhode Island Legal Services, Inc., Newport, R. I., for plaintiffs.

Joseph Going, Newport, R. I., William G. DeMagistris, Providence, R. I., for defendants.

**MEMORANDUM AND ORDER**

PETTINE, Chief Judge.

Plaintiffs, two neurologically handicapped children and their father, sued, *inter alia*, the School Committee of the town of Middletown, Rhode Island [hereinafter "MSC"] under the Education of All Handicapped Children Act, 20 U.S.C. § 1401, *et seq.* [hereinafter "EAHCA"], and the Rehabilitation Act, 29 U.S.C. § 794, claiming that federal law requires MSC to fund the special education of these children at the

Landmark School in Massachusetts.[1] Plaintiffs filed this suit in May 1980 after determining that MSC had not complied with an April 1980 ruling of the Rhode Island Commissioner of Education ordering MSC to devise new Individualized Educational Programs [IEPS] for the children.[2]

While this suit was pending, MSC drew up new IEPS, not calling for placement in the Landmark School, but the plaintiffs considered them inadequate. Rather than rule itself on whether the revised IEPS provided for an "appropriate special education"[3] for the plaintiffs, this Court remanded the question of the IEPS' adequacy to the state administrative process. On January 16, 1981 the Rhode Island Commissioner of Education ruled not only that the new IEPS were inadequate, but also that MSC must fund the plaintiffs' education at Landmark School.

Rather than appeal the state administrative order to this Court, MSC appealed to the Rhode Island Family Court for the County of Newport. Plaintiffs in this action, defendants in the state appeal, filed a petition to remove the state suit to this Court. MSC now moves to remand the state action to the Family Court.

■ Defendants contend that removal of the state appeal to this Court was improper because: (1) the EAHCA explicitly provides for concurrent state and federal court jurisdiction over appeals of state administrative findings, and is thus an "express" prohibition of removal within the meaning of 28 U.S.C. § 1441(a);[4] and (2) not all the defendants named in the action[5] in Family Court have signed the petition for removal filed by plaintiffs in the original federal suit. For the reasons discussed hereinafter, MSC's motion to remand is hereby denied.

### Concurrent Jurisdiction

The EAHCA provides that "[a]ny party aggrieved by [state administrative] . . . findings and decision[s] . . . shall have the right to bring a civil action . . . which . . . may be brought in any State court of competent jurisdiction or in a district court of the United States . . . ." 20 U.S.C. § 1415(e)(2). 28 U.S.C. § 1441(a), the general removal statute, states that, "Except

---

**1.** The EAHCA requires states receiving federal funds under the statute to assure to "all handicapped children the right to a free appropriate public education." 20 U.S.C. § 1412(1). "Free appropriate public education" is defined as "special education and related services." 20 U.S.C. § 1401(18). Furthermore, the regulations implementing the EAHCA impose this same duty on municipalities within states receiving federal money. 45 C.F.R. § 121a.2(b) (1980).

The Rehabilitation Act prohibits discrimination in any state program receiving federal funds. It provides:

No otherwise qualified handicapped individual in the United States, as defined in section 706(7) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. . . .

29 U.S.C. § 794.

**2.** An IEP is a statement of a handicapped child's present education level, future educational goals for the child, and future educational services to be provided to him. 20 U.S.C. § 1401(19).

**3.** *See* note 1 *supra.*

**4.** 28 U.S.C. § 1441(a), the general removal statute, provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Plaintiffs in this federal question action petition for removal specifically under 28 U.S.C. § 1441(b). This provision states in part,

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

**5.** In its suit in Family Court, MSC named as defendants not only the plaintiffs in the original federal action, but also Arthur R. Pontarelli, Rhode Island Commissioner of Education, and Christopher O'Neil, the Commissioner's designated review officer who issued the ruling from which MSC appealed. These individuals have not signed the petition for removal.

as otherwise *expressly provided* by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . may be removed . . . ." (emphasis added). This Court does not find that Congress has "expressly" prohibited removal through its grant of concurrent jurisdiction in the EAHCA.

The Court has been unable to locate any decisions on the issue of removability under the EAHCA. Likewise, the Act's legislative history is silent on this question. However, numerous courts have interpreted similar grants of concurrent jurisdiction in other federal statutes as not prohibiting removal. These courts reason that Congress has spoken plainly when it has intended to deny defendants the right to remove.[6] This Court agrees with these decisions. *E.g., Beckman v. Graves*, 360 F.2d 148, 149 (10th Cir. 1966) (removal permissible under Agricultural Adjustment Act ("farmer . . . may . . . file a bill . . . in . . . District Court, or institute proceedings . . . in any court of record of the State")); *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649, 650–52 (S.D.N.Y.1978) (removal possible under Truth in Lending Act ("action . . . may be brought in . . . district court, or . . . any other court of competent jurisdiction") and Real Estate Settlement Procedures Act ("action . . . may be brought in . . . district court . . . or in any other court of competent jurisdiction")); *Taylor v. Brown*, 461 F.Supp. 559, 560 (E.D.Tenn.1978) (removal possible under Fair Labor Standards Act ("[a]ction . . . may be maintained in any court of competent jurisdiction")); *Jacobi v. High Point Label, Inc.*, 442 F.Supp. 518, 520–21 (M.D.N.C.1977) (removal possible under Age Discrimination Act ("may bring . . . action . . . in any court of competent jurisdiction")); *Haun v. Retail Credit Co.*,

420 F.Supp. 859, 861–63 (W.D.Pa.1976) (removal possible under Fair Credit Reporting Act (suit "may be brought in . . . district court . . . or in any other court of competent jurisdiction")); *Barrett v. McDonald's*, 419 F.Supp. 792, 795 (W.D.Okla.1976) (removal possible: Fair Labor Standards Act); *Hill v. Moss-American, Inc.*, 309 F.Supp. 1175, 1177–78 (N.D.Miss.1970) (removal possible: Fair Labor Standards Act). *Accord* 1A J. Moore & J. Wicker, Moore's Federal Practice ¶ 0.165[5], at 382 (2d ed. 1981) (Fair Labor Standards Act). *See FDIC v. Otero*, 598 F.2d 627, 630 (1st Cir. 1979) (although FDIC Act states only that "[FDIC] may remove," removal by other defendants possible because "where Congress has chosen to create exceptions to the general rule of removability under § 1441, it has done so in language much clearer than that used here. *See* . . . 28 U.S.C. § 1445 . . . ."). In short, this Court concludes that the EAHCA's express grant of concurrent jurisdiction merely makes explicit the presumption of concurrent jurisdiction that exists whenever Congress creates a right of action, but remains silent as to jurisdiction.

Furthermore, the Court can think of no compelling policy reasons for denying plaintiffs in this EAHCA action the right to remove MSC's state appeal to this Court. MSC has not even suggested what substantive policies underlying the EAHCA might militate against removal. Moreover, neither comity nor state court expertise weighs in favor of denying removal. Given the highly complex nature of special education of the handicapped, the state courts can certainly claim no greater expertise in determining what is an "appropriate" special education than this Court has. Finally, in light of the Congressional grant of concurrent jurisdiction in the EAHCA, the in-

---

6. For example, 28 U.S.C. § 1445 provides:

(a) A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51 to 60 of Title 45, may not be removed to any district court of the United States.

(b) A civil action in any State court against a common carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11707 of Title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $10,000, exclusive of interest and costs.

(c) A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States.

terest of comity also clearly does not require denying plaintiffs the right to remove MSC's state appeal.[7]

### Signature of Petition

■ It has long been settled that removal is permissible only if all defendants named in the state action "join" in the petition for removal. *Gableman v. Peoria, Decatur, & Evansville Ry. Co.*, 179 U.S. 335, 337, 21 S.Ct. 171, 172, 45 L.Ed. 220 (1900). However, this Court does not believe that it is necessary for all defendants actually to *sign* the petition. Requiring all defendants to sign would be a senseless formalism. As long as all defendants consent to removal within thirty days after service upon them of the complaint,[8] the requirement that all defendants "join" in the petition is satisfied. *See Crompton v. Park Ward Motors, Inc.*, 477 F.Supp. 699, 701 (E.D.Pa.1979) ("All defendants must join in or consent to removal" within thirty day period.); *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. at 652 (removal valid despite failure of all defendants to sign petition where petition

stated that all consented and non-signing defendants submitted affidavit of consent after 30-day period had expired); *Crawford v. Fargo Mfg. Co.*, 341 F.Supp. 762, 763 (M.D.Fla.1972) (recognizing that all defendants must join in petition, but not requiring all to sign); *Stangard Dickerson Corp. v. United Electrical, Radio & Machine Workers of America*, 33 F.Supp. 449, 451 (D.N.J. 1940) (removal valid although only one defendant signed where remaining defendants filed separate paper consenting to petition).

In their Memorandum in Opposition to Defendants' Motion to Dismiss and Remand, plaintiffs represent that counsel for the remaining named defendants in the state appeal stated at a conference with this Court on February 23, 1981 that these defendants "would have no objection to [p]laintiffs' removal petition, and, in fact, agreed that the issues were more appropriately before the federal court." *Id.* at 11. Furthermore, the record indicates clearly that the petition for removal was filed with this Court on February 23, 1981, and that defendants in the state appeal were served

---

7. MSC contends that the Fourth Circuit's recent opinion in *Scruggs v. Campbell*, 630 F.2d 237 (4th Cir. 1980), supports its argument that Congress prohibited removal under the EAHCA. This Court disagrees with MSC's reading of *Scruggs*. In *Scruggs*, plaintiffs filed a federal action under the EAHCA prior to exhausting their state administrative remedies. While the federal suit was pending, plaintiffs obtained a favorable ruling from the highest level of the state administrative process, which the defendant school board appealed to a state court. The federal district court then dismissed the prior federal suit, apparently under the exhaustion and abstention doctrines. Noting that

   by giving the party aggrieved by the final administrative decision the option to proceed in either forum, the statute avoids simultaneous litigation in both,

   *id.* at 237, the Fourth Circuit affirmed. This Court finds that *Scruggs* is inapposite to the instant case. *Scruggs* did not involve a removal question. Rather, it affirmed a dismissal of a prior federal action. Furthermore, the precise reasoning in *Scruggs* is, at best, murky. The court seems to have based its affirmance on a combination of the abstention and exhaustion doctrines and the fact that the federal plaintiffs, after winning in the state administrative process, were not "parties aggrieved" under the EAHCA and had no right to institute an action in federal court under the

statute. *See* 20 U.S.C. § 1415(e)(2). This Court is inclined to agree with the Fourth Circuit that federal plaintiffs who have won in the state administrative process may not continue a federal action under the EAHCA. However, this does not resolve the issue of whether state actions properly instituted by "parties aggrieved" are subject to removal by "unaggrieved" defendants.

8. 28 U.S.C. § 1446(b) provides:

   The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

   If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

on February 5, 1981. Thus, based on the plaintiffs' representations, which MSC has not controverted, all defendants consented to the petition for removal within thirty days of service upon them of the complaint, as required by 28 U.S.C. § 1446(b).[9]

### Conclusion

This Court finds that appeals filed in state court of state administrative rulings are removable to federal court under the EAHCA. Because plaintiffs' petition, to which all named defendants consented, was timely filed, MSC's motion to remand is hereby denied.

So Ordered.

---

9. *See* note 7 *supra.*

Because the removal jurisdiction of a federal district court is "derivative," a federal court has no jurisdiction over, and must dismiss, an action removed from a state court lacking jurisdiction over the suit. *Minnesota v. United States*, 305 U.S. 382, 389, 59 S.Ct. 292, 295, 83 L.Ed. 235 (1939); *Witherow v. Firestone Tire & Rubber Co.*, 530 F.2d 160, 167–68 (3rd Cir. 1976). The parties in the instant suit agree that the Rhode Island Family Court had original jurisdiction over MSC's appeal.