Meredith McGOVERN, an infant who sues
by her next friends and parents, Patrick
and Jody McGovern, Appellants,

v.

Howard O. SULLINS, Superintendent,
Chesterfield County Public Schools;
John B. Finkler, Director, Pupil Person-
nel Services, Appellees.

No. 81–1832.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 6, 1982.

Decided April 1, 1982.

Peter W. D. Wright, Richmond, Va., for
appellants.

Henry B. Massie, Jr., Richmond, Va.
(Frank B. Miller, III, Sands, Anderson,
Marks & Miller, Richmond, Va., on brief),
for appellees.

Before ERVIN and CHAPMAN, Circuit
Judges, and WILKINS, District Judge.

CHAPMAN, Circuit Judge:

Meredith McGovern, by her parents, ap-
peals the district court's order dismissing
her complaint against the superintendent of
the Chesterfield County Public Schools for
failure to exhaust administrative remedies
under the Education for All Handicapped
Children Act, 20 U.S.C. § 1415(b)(1)(E).
We affirm.

The McGoverns brought this action seek-
ing injunctive relief under 20 U.S.C. § 1401
*et seq.,* 29 U.S.C. § 794, and 42 U.S.C.
§ 1983 complaining that the Chesterfield
County schools had failed to provide their
child with adequate educational services
and that the procedures required by 20
U.S.C. § 1415(b)(1)(E) were not provided.
Though several meetings were held among
the parties, no formal complaint was ever
filed by the McGoverns with the local agen-
cy.

Title 20 U.S.C. § 1401 note states that
the purpose of the Education for All Handi-
capped Children Act is:

... to assure that all handicapped chil-
dren have available to them ... a free
appropriate public education which em-
phasizes special education and related

services designed to meet their unique needs ....

To accomplish this purpose Congress provides funds to local governing bodies to be used in special education. To insure that these funds are used properly, local education agencies must provide an "opportunity to present complaints with respect to any matter relating to the identification, evaluation or education placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E). Parties aggrieved by decisions of local education agencies may appeal to the State Education Agency, 20 U.S.C. § 1415(c), and then to the state or federal court, 20 U.S.C. § 1415(e)(2).

The district court in dismissing the action focused on the language of § 1415 requiring "complaints with respect to *any matter* relating to" the providing of free appropriate public education to be brought first before the agency.

The two issues presented by this appeal are (1) whether the district court may exercise jurisdiction under 20 U.S.C. § 1415(e) before a plaintiff attacks the action of the school officials administratively and (2) assuming that jurisdiction is not proper under 20 U.S.C. § 1415(e) may a plaintiff proceed on the same facts with a § 1983 action with jurisdiction based on 28 U.S.C. §§ 1331 and 1343.

Both of these issues have recently been decided by this court. In *Scruggs v. Campbell*, 630 F.2d 237, 239 (4th Cir. 1980) we state:

> The District Court correctly recognized that the federal action was premature because the Scruggs had not exhausted their administrative remedies under the Education for All Handicapped Children Act ... Moreover, the Scruggs citations of 42 U.S.C. § 1983 which does not require exhaustion of administrative remedies, did not entitle them to prevail in their race to the courthouse.

In *Hymes v. Harnett County Board of Education*, 664 F.2d 410 (4th Cir. 1981) we reaffirmed this view.

In almost all respects, the detailed statutory procedures of the EAHCA, calling for administrative and judicial actions whenever a child, parent, or guardian, on the one hand, or education agency on the other considers himself a person aggrieved, cover and prescribe the only route to relief anticipated by Congress.

Because appellants have failed to exhaust their remedies under the EAHCA and because a claim under 42 U.S.C. § 1983 cannot be maintained for relief available under EAHCA, we affirm.

AFFIRMED.