676 F.2d 98
 4 Ed. Law Rep. 22
 Meredith McGOVERN, an infant who sues by her next friends
and parents, Patrick and Jody McGovern, Appellants,
v.
Howard O. SULLINS, Superintendent, Chesterfield County
Public Schools; John B. Finkler, Director, Pupil
Personnel Services, Appellees.
 No. 81-1832.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 6, 1982.
Decided April 1, 1982.
 
 Peter W. D. Wright, Richmond, Va., for appellants.
 Henry B. Massie, Jr., Richmond, Va. (Frank B. Miller, III, Sands, Anderson, Marks & Miller, Richmond, Va., on brief), for appellees.
 Before ERVIN and CHAPMAN, Circuit Judges, and WILKINS, District Judge.
 CHAPMAN, Circuit Judge:
 
 
 1
 Meredith McGovern, by her parents, appeals the district court's order dismissing her complaint against the superintendent of the Chesterfield County Public Schools for failure to exhaust administrative remedies under the Education for All Handicapped Children Act, 20 U.S.C. § 1415(b)(1)(E). We affirm.
 
 
 2
 The McGoverns brought this action seeking injunctive relief under 20 U.S.C. § 1401 et seq., 29 U.S.C. § 794, and 42 U.S.C. § 1983 complaining that the Chesterfield County schools had failed to provide their child with adequate educational services and that the procedures required by 20 U.S.C. § 1415(b)(1) (E) were not provided. Though several meetings were held among the parties, no formal complaint was ever filed by the McGoverns with the local agency.
 
 
 3
 Title 20 U.S.C. § 1401 note states that the purpose of the Education for All Handicapped Children Act is:
 
 
 4
 ... to assure that all handicapped children have available to them ... a free appropriate public education which emphasizes special education and related services designed to meet their unique needs ....
 
 
 5
 To accomplish this purpose Congress provides funds to local governing bodies to be used in special education. To insure that these funds are used properly, local education agencies must provide an "opportunity to present complaints with respect to any matter relating to the identification, evaluation or education placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E). Parties aggrieved by decisions of local education agencies may appeal to the State Education Agency, 20 U.S.C. § 1415(c), and then to the state or federal court, 20 U.S.C. § 1415(e)(2).
 
 
 6
 The district court in dismissing the action focused on the language of § 1415 requiring "complaints with respect to any matter relating to" the providing of free appropriate public education to be brought first before the agency.
 
 
 7
 The two issues presented by this appeal are (1) whether the district court may exercise jurisdiction under 20 U.S.C. § 1415(e) before a plaintiff attacks the action of the school officials administratively and (2) assuming that jurisdiction is not proper under 20 U.S.C. § 1415(e) may a plaintiff proceed on the same facts with a § 1983 action with jurisdiction based on 28 U.S.C. §§ 1331 and 1343.
 
 
 8
 Both of these issues have recently been decided by this court. In Scruggs v. Campbell, 630 F.2d 237, 239 (4th Cir. 1980) we state:
 
 
 9
 The District Court correctly recognized that the federal action was premature because the Scruggs had not exhausted their administrative remedies under the Education for All Handicapped Children Act ... Moreover, the Scruggs citations of 42 U.S.C. § 1983 which does not require exhaustion of administrative remedies, did not entitle them to prevail in their race to the courthouse.
 
 
 10
 In Hymes v. Harnett County Board of Education, 664 F.2d 410 (4th Cir. 1981) we reaffirmed this view.
 
 
 11
 In almost all respects, the detailed statutory procedures of the EAHCA, calling for administrative and judicial actions whenever a child, parent, or guardian, on the one hand, or education agency on the other considers himself a person aggrieved, cover and prescribe the only route to relief anticipated by Congress.
 
 
 12
 Because appellants have failed to exhaust their remedies under the EAHCA and because a claim under 42 U.S.C. § 1983 cannot be maintained for relief available under EAHCA, we affirm.
 
 
 13
 AFFIRMED.