**ANNE ARUNDEL COUNTY, MARYLAND**

v.

**UNITED PACIFIC INSURANCE CO., et al.**

**Civ. No. K–95–3016.**

United States District Court, D. Maryland.

Nov. 29, 1995.

Patricia A. Logan, Phillip F. Scheibe, Office of the County Attorney, of Annapolis, Maryland, for plaintiff.

Richard W. Schwartzman, Ober, Kaler, Grimes & Shriver, of Washington, DC, for defendant United Pacific Insurance Company.

James F. Lee, Jr., Carr, Goodson & Lee, of Washington, DC, for defendant Greenman Pedersen, Inc.

John T. Coady, Coady & Farley, of St. Michaels, Maryland, for defendants Michael J. Cusimano, Jr. and Isabel Cusimano.

## MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) Plaintiff, namely Anne Arundel County, Maryland ("County"), commenced this litigation in the Circuit Court for Anne Arundel County, Maryland. The facts giving rise to that action are set forth clearly in the record. Plaintiff served defendant United Pacific Insurance Company ("UPIC") on September 5, 1995, defendant Isabel Cusimano ("Ms. Cusimano") on September 11, 1995, and defendant Greenman Pedersen, Inc. ("GPI") on September 27, 1995.[1] The only defendant whom plaintiff has not yet served is Michael J. Cusimano, Jr. ("Mr. Cusimano"), with regard to whom service is pending.

(2) Defendant UPIC filed a petition to remove the within case to this federal district court on October 6, 1995. Plaintiff County filed a motion to remand on November 3, 1995. Plaintiff contends that it is entitled to the remand because all of the defendants did not join in removal to this Court pursuant to 28 U.S.C. § 1446 within the thirty-day period prescribed therein.[2] Plaintiff also contends that Michael J. Cusimano, Jr. and Isabel Cusimano are proper parties to this litigation because there is a possibility that the County can establish liability on the part of either or both of them.[3] This latter argument, if correct, would defeat UPIC's assertion that this Court has jurisdiction in this case based on diversity.[4] However, it is not necessary for this Court to reach that claim because the remand is defective for the first reason asserted by the County, namely that all defendants have not timely joined in the removal petition.

(3) 28 U.S.C. § 1446(b) requires that the notice of removal of a civil action be filed within thirty days after the defendant receives a copy of the initial pleading or within thirty days after the service of summons upon the defendant, whichever period is shorter. Because UPIC apparently filed its removal petition on the thirty-first (31st) day after service, it appears that the petition is untimely, and the removal therefore defective.[5]

■ (4) In addition, while § 1446 does not require "that all defendants sign the same notice of removal," it does require "that each defendant file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process." *Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505, 508 (E.D.Va.1992). *See also Albonetti v. GAF Corp.–Chemical Group,* 520 F.Supp. 825, 828 (S.D.Tex.1981) ("joinder requirement of section 1446 is satisfied, where one defendant files a singular removal petition, if all defendants served on or before the filing of that petition thereafter timely file either their own removal petitions or their joinders in or consents to the original petition"); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure: Jurisdiction § 3731 and cases collected at n. 7 (2d Ed.1985 & Cum.Supp.1995). Courts have required defendants to file some written documentation of their intent to join in another defendant's removal petition. *See Roe v. O'Donohue,* 38 F.3d 298, 301 (7th Cir.1994) ("[t]o 'join' a motion is to support it in writing"). Furthermore, writing for the Fourth Circuit, Chief Judge Ervin has stated that "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." *McKinney v. Bd. of Trustees of Mayland Com. Col.,* 955 F.2d 924, 928 (4th Cir.

1. Plaintiff's November 3, 1995 Memorandum in Support of Motion to Remand and Opposition to Petition for Removal [hereinafter Plaintiff's November 3, 1995 Mem.Supp.] at 2.

2. *Id.* at 2.

3. *Id.* at 3–7.

4. Defendant's October 6, 1995 Memorandum of Points and Authorities in Support of Petition for Removal [hereinafter Defendant's October 6, 1995 Mem.Supp.] at 4–6.

5. *See also* Fed.R.Civ.P. 6(a). Thereunder, October 6, 1995 was the thirty-first (31st) day.

1992). Here, as noted above, GPI was served by the County on September 27, 1995. Because GPI did not file any notice joining in or consenting to UPIC's removal petition, or submit any written documentation to this Court of its intent to join, by October 27, 1995, removal is defective. For that reason, this Court will grant the County's motion to remand. *McKinney v. Rodney C. Hunt Co.*, 464 F.Supp. 59, 63 (W.D.N.C.1978) (where at least one properly joined defendant fails to join in removing defendant's petition for removal, case must be remanded to state court).

(5) UPIC attempts to avoid this result by stating that "upon information and belief GPI does not object to this Petition for Removal." [6] However, that statement is not sufficient action by GPI to satisfy the requirements of § 1446. *See Roe*, 38 F.3d at 301 (fact that defendants did not object to removal does not fulfill requirement that all defendants join petition for removal); *Creekmore v. Food Lion, Inc.*, 797 F.Supp. at 509 (§ 1446 requires "all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney."), *quoted in, Martin Oil v. Philadelphia Life Ins.*, 827 F.Supp. 1236, 1238 (N.D.W.Va.1993); *Mason v. International Business Machines, Inc.*, 543 F.Supp. 444, 446 (M.D.N.C.1982) (fact that defendant informed removing defendant of its desire to remove within the thirty-day period, but apparently filed no document to that effect with the court, does not fulfill requirements of § 1446(a)).

(6) UPIC relies on *Colin K. v. Schmidt*, 528 F.Supp. 355 (D.R.I.1981) in which Chief Judge Pettine concluded that even though two of the five defendants did not sign a removal petition, the case was removable. However, *Colin K.* can be distinguished from the within case because in *Colin K.* the two defendants who had not signed the petition apparently stated to the federal district court, during a conference held after removal by the three removing defendants and within thirty days after service upon all defendants, that said two defendants would have no objection to removal. *Id.* at 358. Here, no

such statement by GPI appears in the record.

(7) In another case, *Sicinski v. Reliance Funding Corp.*, 461 F.Supp. 649 (S.D.N.Y. 1978), Judge Pollack concluded that a removal petition which one defendant did not sign was nonetheless effective because that defendant filed an affidavit consenting to removal. Furthermore, Judge Pollack determined that the fact that the affidavit was apparently filed outside the thirty-day period prescribed by § 1446(b) did not render the petition defective. However, in discussing his reasoning, Judge Pollack mentioned that he was unable to find any case requiring all defendants to sign the petition. *Id.* at 652. In light of the clear authorities cited above, which require all defendants within thirty days of service either to sign the petition or consent to removal in writing, this Court concludes that *Sicinski* is not controlling in this case. This Court further notes that all of the authorities upon which it is relying were published after *Sicinski.*

(8) Because GPI cannot be deemed to have joined in the petition for removal, and/or because the petition itself is untimely, the removal is defective. For that reason, this Court hereby grants plaintiff's request to remand this case to the Circuit Court for Anne Arundel County, Maryland.

(9) Copies of this Memorandum and Order and of a separate Order of even date herewith are today being mailed to counsel of record.

(10) It is so Ordered.

### ORDER

This Court hereby remands this case to the Circuit Court for Anne Arundel County, Maryland. It is so ORDERED on this 29th day of November, 1995.

---

**6.** Defendant's October 6, 1995 Mem.Supp.     at 6–7.