UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

M.E., on her behalf and on behalf
of her son C.E.,
                    *Plaintiff-Appellant,*

         and

P.E., on his behalf and on behalf of
his son C.E.,
                            *Plaintiff,*                    No. 02-1282

              v.

THE BUNCOMBE COUNTY BOARD OF
EDUCATION, a/k/a Buncombe County
Public Schools,
                    *Defendant-Appellee.*

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CA-99-3-1)

Argued: February 24, 2003

Decided: August 18, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Reversed and remanded with instructions by unpublished per curiam
opinion.

## COUNSEL

**ARGUED:** Wayne Darryl Steedman, CALLEGARY & STEED-
MAN, P.A., Baltimore, Maryland, for Appellant. Christopher Zemp

Campbell, ROBERTS & STEVENS, P.A., Asheville, North Carolina, for Appellee. **ON BRIEF:** Paul L. Erickson, THE LAW FIRM OF PAUL L. ERICKSON, P.A., Asheville, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

This case, brought by M.E. under the Individuals with Disabilities Education Act (IDEA) on her behalf and on behalf of her son C.E., reaches this court for the second time. In M.E.'s first appeal, we concluded that M.E.'s claim against the Buncombe County Board of Education (the Board) was not barred by North Carolina's 60-day statute of limitations because the Board failed to give sufficient notice as required by North Carolina law. *See C.M. v. Bd. of Educ. of Henderson County*, 241 F.3d 374, 388 (4th Cir. 2001) (consolidated appeal). On remand, the district court entered summary judgment against M.E. on the ground that M.E. had failed to show that the proposed Individualized Education Program (IEP) would not have provided C.E. with a free appropriate public education (FAPE). The district court, however, lacked jurisdiction to address the merits of M.E.'s claim because there was no final administrative decision addressing the merits. Accordingly, we reverse the entry of summary judgment and remand with instructions to dismiss M.E.'s claim without prejudice.

The facts of this case are set forth in *C.M.*, 241 F.3d at 377, and we need not reiterate them fully here. Suffice it to say, M.E. began negotiating with the Board in March 1996 regarding the education of her son C.E., who had been diagnosed with autism. The Board proposed an IEP, but M.E. rejected it and filed a petition for a due process hearing in April 1998. A state Administrative Law Judge (ALJ), without reaching the merits of her claim, dismissed M.E.'s petition as

untimely. M.E. then filed a complaint in the district court pursuant to 20 U.S.C.A. § 1415(i)(2) (West 2000). Section 1415(i)(2)(A) provides that "[a]ny party aggrieved by the findings and decision [in an administrative proceeding], shall have the right to bring a civil action with respect to the complaint presented." The district court entered summary judgment in favor of the Board, reasoning that the ALJ had correctly ruled that North Carolina's 60-day limitations period barred the claim. *C.M.*, 241 F.3d at 377. We reversed, holding that M.E.'s claim was not time-barred because the Board had not adequately notified her that its decision was final and could be challenged in a due process hearing only if one was requested within 60 days. *C.M.*, 241 F.3d at 387. On remand from this court, the district court "decline[d] to remand the matter for additional state administrative proceedings," concluding that it could address the merits of M.E.'s claim because the issue of whether the IEP provided a FAPE to C.E. was before the ALJ. (J.A. at 125.) The district court again entered summary judgment in favor of the Board, this time on the ground that M.E. had failed to carry her burden of proof to show that the proposed IEP would not have provided C.E. with a FAPE. M.E. filed a timely notice of appeal from the district court's decision. We have jurisdiction pursuant to 28 U.S.C.A. § 1291 (West 1993).

The district court's jurisdiction under the IDEA is limited to review of the final "findings and decision" of the administrative proceedings. 20 U.S.C.A. § 1415(i)(2)(A). Thus, where administrative remedies have not been exhausted, parties cannot maintain an action in federal court under § 1415(i)(2).* *See MM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002) (explaining that failure to exhaust administrative remedies deprives the district court of subject matter jurisdiction over the parent's claims); *Scruggs v. Campbell*, 630 F.2d 237, 239 (4th Cir. 1980) (holding that the "federal action was premature because the [parents] had not exhausted their administrative remedies"). In this case, because the ALJ incorrectly dismissed M.E.'s claim as untimely, the ALJ did not consider the merits of her claim. Consequently, there were no administrative "findings or decision" regarding the merits of M.E.'s claim for the district court to

---

*While there are three exceptions to this rule, *see MM v. Sch. Dist. of Greenville County*, 303 F.3d 523, 536 (4th Cir. 2002), all three are inapplicable here.

review and the district court did not have jurisdiction under § 1415(i)(2) to consider the merits of M.E.'s claim in the first instance.

Accordingly, we reverse the district court's entry of summary judgment and remand with instructions to dismiss M.E.'s complaint without prejudice, giving her the opportunity to pursue administrative relief.

*REVERSED AND REMANDED WITH INSTRUCTIONS*